**FILED**
**U.S. District Court**
**District of Kansas**
11/09/2026
**Clerk, U.S. District Court**
**By:** MSB **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**REAGAN KWAMBANDO-BOOTO,**

**Petitioner,**

**v.** **CASE NO. 26-3405-JWL**

**KANSAS ATTORNEY GENERAL,**
**ET AL.,**

**Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Reagan Kwambando-Booto, who is on state postrelease supervision and is currently detained at the Midwest Regional Reception Center in Leavenworth, Kansas pending immigration proceedings. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules"). For the reasons explained below, the Court will grant Petitioner time to file a complete and proper amended petition that cures the deficiencies identified in this order. The Court will defer ruling on Petitioner's pending motion for appointment of counsel (Doc. 2) and his motion to stay this case and hold it in abeyance (Doc. 3). If Petitioner fails to timely respond to this order, the Court will proceed with screening the petition but will limit Petitioner to the four grounds for relief asserted in the petition itself.

### Background

In January 2020, a jury in Ellis County, Kansas convicted Petitioner of two counts of aggravated sexual battery. (Doc. 1, p. 1-2.) In March 2020, the state district court sentenced him to 7 years in prison, lifetime post-release supervision, and 25 years of sex offender registration. *Id.*

at 1; (Doc. 1-1, p. 1). Petitioner appealed, and in January 2022, the Kansas Court of Appeals ("KCOA") affirmed his convictions and sentences. (Doc. 1, p. 2); *see also State v. Booto*, 2022 WL 188202, at *1, 10 (Kan. Ct. App. Jan. 21, 2022) (unpublished), *rev. denied* May 5, 2022. The Kansas Supreme Court ("KSC") denied the subsequent petition for review on May 5, 2022 and Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 2-3.)

On May 5, 2023, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. *Id.* at 3. The district court held an evidentiary hearing on July 15, 2025. (Doc. 1-1, p. 2.) Before the state district court ruled on the K.S.A. 60-1507 motion, however, Petitioner completed his prison sentence and was released to post-release supervision, at which point immigration officers took him into custody. (Doc. 1, p. 14.) Petitioner remains in custody of immigration officials. (Doc. 1-1, p. 1.)

The state district court denied the K.S.A. 60-1507 motion on September 16, 2025. (Doc. 1, p. 4.) Petitioner asserts that he did not learn of the denial until around February 14, 2026. *Id.* at 5, 13-14. He tried to contact the attorney who was appointed to represent him in the K.S.A. 60-1507, but had no success. *Id.* Petitioner applied to the governor of Kansas for executive clemency and, on June 13, 2026, he filed in the state district court a pro se motion for leave to appeal the K.S.A. 60-1507 denial out of time. *Id.* at 5, 14. In September 2026, he filed a motion in state district court seeking a ruling on the June 2026 motion. *Id.* at 5. Both motions remain pending in the state district court. *Id.* In October 2026, Petitioner filed in this Court the petition for writ of habeas that began this case. *See id.* at 15; *See also* Doc. 1-23).

**Standard of Review**

Habeas Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his petition. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

Habeas Rule 2(c) provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

28 U.S.C.A. foll. § 2254.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Habeas Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

To assist petitioners in meeting the requirements of Rule 2(c), this Court requires the use

of court-approved form petitions. Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on "forms approved by the court." *See* D. Kan. Rule 9.1(a). Requiring the use of the form "aids the court by requiring petitioners to set forth each individual claim, the supporting facts, and the facts relating to exhaustion" and the failure to use the form as instructed "prevents this court from readily determining the basis of [a petitioner's] claims and whether they have been properly exhausted." *See Justice v. Meyer*, 2020 WL 7481673, *2 (D. Kan. Oct. 15, 2020) (unpublished) (citing *Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007)).

To his credit, Petitioner used the required form to file his § 2254 petition. (Doc. 1.) With the petition, he filed over 300 additional pages. (Docs. 1-1 through 1-21.) The petition (Doc. 1) asserts four grounds for relief. In Ground One, Petitioner claims that trial counsel provided ineffective assistance by refusing to allow Petitioner to testify on his own behalf. In Ground Two, he asserts that trial counsel provided ineffective assistance by failing to investigate and identify potentially exculpatory witnesses and evidence. Ground Three alleges that direct-appeal counsel provided ineffective assistance by failing to argue (a) a violation of Petitioner's *Miranda* rights, (b) constitutional error by conducting proceedings outside Petitioner's presence, and (c) the violation of Petitioner's right to testify. Ground Four contends that Petitioner's right to be present at all critical stages of trial was violated when proceedings were held outside his presence. (*See* Doc. 1, p. 5, 7-8, 10.) The petition seeks the following relief in this case: that the Court accept the petition, stay this case and hold it in abeyance while he pursues an appeal from the denial of his K.S.A. 60-1507 motion, and appoint counsel. *Id.* at 15.

In the section of the form for identifying the relief sought, Petitioner also wrote "see memorandum." *Id.* With his petition, Petitioner submitted a 12-page "Protective Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254 and Supplemental Memorandum," which this Court will refer to as the memorandum. (*See* Doc. 1-1, p. 1.) The memorandum reiterates the asserted grounds for relief, provides additional relevant facts, and includes legal argument for each ground. Grounds One, Two, and Three, as articulated in the memorandum, appear to mirror Grounds One and Two as they are set out in the petition. *See id.* at 3-8. Ground Three of the memorandum, however, adds bases for the alleged ineffective assistance of direct-appeal counsel that are not in the petition. *See id.* at 6-7. Additionally, the petition contains only four asserted grounds for relief, but the memorandum sets out a Ground Five, seeking relief based on multiple instances of alleged prosecutorial error, and a Ground Six, which is based on cumulative error. *Id.* at 8-10.

As noted above, Habeas Rule 2(c)(1) requires that the petition "specify all grounds for relief available to the petitioner." And Local Rule 9.1(a) requires the use of a court-approved form to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The required form petition—which Petitioner used—instructs:

> For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

(Doc. 1, p. 5.) Yet Petitioner asserted only four grounds for relief in the petition, while the memorandum asserts six. This leaves the Court unable to determine the precise grounds on which Petitioner seeks federal habeas relief. Thus, the Court cannot meaningfully conduct the review required by Habeas Rule 4.

Although the Court could proceed only on the grounds for relief properly asserted in the petition itself, it appears that the petition does not contain all of the grounds for relief Petitioner wishes to assert. Therefore, the Court will grant Petitioner time to file a complete and proper amended petition that clearly sets forth *all* grounds for relief Petitioner wishes to assert in this

matter. Petitioner need not resubmit his supporting memorandum or the exhibits filed with his original petition. If Petitioner fails to timely comply with this order, the Court will resume the Habeas Rule 4 review and consider only Grounds One through Four, since those are the grounds properly asserted in the currently operative petition.

**Conclusion**

The Court has begun the required initial Rule 4 review of petition and concludes that the petition does not appear to comply with Habeas Rule 2(c). Petitioner will be granted time in which to file a complete and proper amended petition on the required form that contains all of the grounds on which he seeks federal habeas relief under 28 U.S.C. § 2254. If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner may attach additional pages to the form as needed to state all grounds for relief he wants to assert, but he need not re-submit the extensive exhibits or memorandum filed with his initial petition. Petitioner must include the case number of this action (26-3405) on the first page of the amended petition.

If Petitioner timely files an amended petition, the Court will review the amended petition under Habeas Rule 4 and issue further orders as necessary. If Petitioner fails to timely file an amended petition, the Court will resume the Habeas Rule 4 review of the current petition (Doc. 1) and will consider only the grounds for relief asserted therein: Grounds One through Four.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including December 11, 2026, to submit a complete and proper amended petition that complies with this order. The

clerk is directed to send Petitioner the required forms for filing an amended petition.

**IT IS SO ORDERED.**

DATED: This 9th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge