FILED
U.S. District Court
District of Kansas
11/24/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**REAGAN KWAMBANDO-BOOTO,**

**Petitioner,**

**v.** **CASE NO. 26-3405-JWL**

**KANSAS ATTORNEY GENERAL, ET AL.,**

**Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Reagan Kwambando-Booto, who proceeds pro se. (Doc. 1.) With his petition, Petitioner filed a motion for appointment of counsel (Doc. 2) and a motion to stay this case and hold it in abeyance while he completes related state-court proceedings (Doc. 3). The Court began the screening of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Petitioner to file a complete and proper amended petition curing certain deficiencies. (Doc. 4.) Petitioner has now done so and the Court has reviewed the amended petition and the additional information provided regarding Petitioner's efforts to appeal the denial of his K.S.A. 60-1507 motion. (Doc. 5.)

The documents filed by Petitioner reflect that he has been granted leave to pursue an appeal in the state courts regarding the denial of his K.S.A. 60-1507 petition. (Doc. 5, p. 27-30.) The appeal is anticipated to raise to the state courts for the first time issues that are raised in Petitioner's amended federal habeas petition. *See, e.g.*, *id.* at 7-8. Accordingly, the Court will grant the motion to stay and this federal habeas case will be stayed and held in abeyance until the conclusion of the state court appellate proceedings. The Court will set deadlines for Petitioner to periodically submit

written status reports to this Court regarding his state court appeal. In his first status report, Petitioner should include the case number assigned to his appeal. When the state court appeal is final, the Court will lift the stay of this federal habeas case and will resume the Rule 4 screening.

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 2.) Petitioner has no constitutional right to counsel in a federal habeas corpus action, and whether to appoint counsel is a matter of discretion by the Court. *See id.* at 1; *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The Court may appoint counsel if it "determines that the interest of justice so require," but Petitioner bears the burden to convince the Court that appointment of counsel is warranted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citation omitted).

In his motion for appointment of counsel, Petitioner asserts that he is indigent and currently detained, that this case presents complex legal questions, and his detention limits his access to legal resources, records, and other items that would assist him in pursuing federal habeas relief. (Doc. 2.) Nevertheless, the Court concludes that the interest of justice does not currently require appointment of counsel for Petitioner. As explained above, this matter will be stayed and held in abeyance until Petitioner's related state-court appeal is complete. Only after completion of the appeal will this case proceed with the Court resuming the Rule 4 screening of the amended petition. And Petitioner appears capable of filing timely status reports that competently reflect the events in the appeal. Thus, the motion for appointment of counsel will be denied without prejudice. If this

case proceeds past the initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and develops in a way that requires counsel, Petitioner may renew his motion. *See* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings).

**IT IS THEREFORE ORDERED THAT** the motion to stay (Doc. 3) is **granted**. This matter is **stayed and held in abeyance** pending the completion of related state court proceedings. Petitioner is granted to and including **February 25, 2027** to file a written report regarding the status of his K.S.A. 60-1507 appeal.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 2) is **denied without prejudice.** If this case proceeds in a way that justifies or requires the appointment of counsel in the future, Petitioner may file a motion for appointment of counsel at that time.

**IT IS SO ORDERED.**

DATED: This 24th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge